UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ZACHARY B.,

                                                                                                  DECISION AND ORDER

                             Plaintiff,

                                                                                                  21-CV-6601DGL

                 v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                             Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On September 9, 2019, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since September 30, 2018. (Dkt. #12 at 39). His applications were initially denied. Plaintiff requested a hearing, which was held on November 10, 2020 via teleconference before administrative law judge ("ALJ") John P. Costello. The ALJ issued a decision on December 1, 2020, finding plaintiff not disabled. (Dkt. #12 at 39-48). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 28, 2021. (Dkt. #12 at 1-4). Plaintiff now appeals.

      The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #13), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #16). For the reasons

set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I. The ALJ's Decision

Plaintiff was 31 years old on the alleged onset date, with a high school education and past relevant work as a waiter and auto body repairer. (Dkt. #12 at 46). His medical records reflect diagnoses and/or treatment for arteriovenous malfunction (abnormal tangles of blood vessels in plaintiff's brain) and seizures, which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #12 at 42).

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels, with the following non-exertional limitations: cannot work at unprotected heights, climb ladders or scaffolds, drive, or operate machinery. Further, plaintiff is limited to simple, routine tasks, and low stress work, defined as involving no more than occasional decision-making. (*Id.*).

When presented with this RFC as a hypothetical at the hearing, vocational expert Dale Pasculli testified that such an individual could not perform plaintiff's past relevant work, but would be able to perform the representative unskilled, light exertion positions of house cleaner and cafeteria attendant. (Dkt. #12 at 47). The ALJ accordingly found plaintiff not disabled.

**II.     The ALJ's Assessment of Medical Opinion Evidence**

Initially, plaintiff argues that in assessing the medical opinions of record, the ALJ failed to apply the treating physician rule to the opinion of plaintiff's treating neurologist, Dr. James Young Shou.

Dr. Shou rendered a "Seizures Residual Functional Capacity" opinion on November 9, 2020, indicating that although he had not previously examined plaintiff, plaintiff had been treated on previous occasions by other providers. (Dkt. #12 at 952-56). Dr. Shou diagnosed grand mal seizures occurring less than once per month, and left-sided twitching occurring daily per plaintiff's own report, although Dr. Shou noted that he was unsure whether the twitching was seizure-related. (Dkt. #12 at 953).

Dr. Shou stated that plaintiff should avoid exposure to workplace hazards, and to workplace stress, which could precipitate seizure activity, although plaintiff could still perform "low stress jobs." (Dkt. #12 at 955). Dr. Shou also indicated that plaintiff would require unscheduled breaks for 5 minutes after every 45 minutes of work, would be absent from work 1-2 times per month, and should avoid walking more than one mile per day or lifting more than 5 pounds for more than 5 minutes at a time. (Dkt. #12 at 952-56).

The ALJ found Dr. Shou's opinion only "partially persuasive," declining to credit the limitations for breaks or absenteeism, or exertional limitations unrelated to hazards, as "speculative and not supported by the medical evidence of record or [the] intermittent and brief duration of [plaintiff's] seizure activity." (Dkt. #12 at 46).

Even assuming *arguendo* that Dr. Shou's opinion, based on his first-ever examination of plaintiff, could be properly considered an opinion by a treating physician, plaintiff's reliance on the treating physician rule is misplaced. While the treating physician rule guided the consideration

3

of medical opinions for applications filed on or before March 17, 2017, subsequent amendments to agency regulations abolished it for applications filed after that date – including plaintiff's, which were filed September 9, 2019. *See Brian M. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 226222 at *11 (W.D.N.Y. 2022)(applications filed after March 17, 2017 are subject to the current regulations concerning the ALJ's evaluation of expert opinions, which give no specific evidentiary weight or controlling weight to any opinion, including that of a treating source).

Pursuant to the regulations which apply to plaintiff's claim, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id.* at §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds each of the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *See Salleh D. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022). "Although an ALJ may afford various weights to portions of a medical source opinion, the ALJ is still required to provide reasoning to support [his or] her various weight determinations," in order to permit meaningful judicial review. *Yasmine P. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 154176 at *10 (W.D.N.Y. 2022).

Plaintiff makes no argument, nor does the Court find upon its own review, that the ALJ failed to properly apply these standards to Dr. Shou's opinion, or that of any other medical source. To the contrary, the ALJ considered the supportability and consistency factors for each opinion, explained his rationale in doing so, and gave logical reasons for declining to fully credit certain portions of Dr. Shou's opinion – chiefly, their inconsistency with the intermittent nature of plaintiff's seizure activity, as indicated by plaintiff's treatment notes, examination findings, and largely normal imaging studies, which the ALJ summarized in his decision. (Dkt. #12 at 43-46). I find no error therein.

### III.  Non-Exertional Limitations

Plaintiff also argues that in formulating his RFC determination, the ALJ failed to sufficiently account for the anxiety and depression caused by plaintiff's seizure disorder, which plaintiff suggests may have been the reason for Dr. Shou's opinion that plaintiff required daily breaks and would be absent from work 1-2 days per month.

Initially, plaintiff's suggestion that the breaks and absenteeism opined by Dr. Shou were intended to account for mental symptoms, rather than plaintiff's seizures themselves, is entirely speculative. Regardless, the ALJ's finding that such limitations were not otherwise supported by the medical evidence of record – and indeed, were not assessed in any of the six other opinions from treating, examining, and reviewing physicians (all of which the ALJ found fully persuasive, and incorporated into his RFC determination) – was well-supported. Nor does the record otherwise establish that plaintiff's anxiety or depression caused any specific functional limitations that were not already accounted-for in the RFC finding, which limited plaintiff to simple, routine, low-stress work. As such, I find no error in the ALJ's decision not to include other and further nonexertional limitations in his RFC determination.

### IV.     Post-Decision Evidence Submitted to the Appeals Council

The Appeals Council must consider evidence that is new, material, relates to the period on or before the date of an ALJ's hearing decision, and for which there is a showing of reasonable probability that considering the evidence would change the outcome of the decision. *See* 20 C.F.R. §§404.970(b), 416.1470(b). Plaintiff argues that the Appeals Council erred when it declined to consider evidence submitted after the ALJ's decision was rendered, consisting of a February 2021 treatment note with Dr. Shou for "suspected partial seizures," and records documenting a week-long hospitalization for a seizure in April 2021. (Dkt. #12 at 9-30).

I do not find that the Appeals Council erred in declining to consider the new evidence. To the extent the new evidence corroborates plaintiff's claim that he had an ongoing seizure disorder, it is cumulative: the ALJ had already determined that plaintiff's seizures were a severe impairment. Nor do the new medical records suggest that plaintiff's seizures were more severe, or occurred more frequently, during the relevant period, than the ALJ had already assessed and accounted-for in his RFC determination. As such, the Appeals Council did not err in concluding that the records did "not show a reasonable probability that [they] would change the outcome of the decision" if considered. (Dkt. #12 at 2).

I have considered the rest of plaintiff's arguments, and find them to be without merit.

### CONCLUSION

For the foregoing reasons, I find that the decision-appealed-from was supported by substantial evidence of record, and was not the product of legal error. Plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #13) is denied, and the

Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 20, 2023.